## McGUCKIN v. DADE COUNTY, et al.
No. 59 C 3095.

Circuit Court, Dade County.

October 12, 1960.

Headley, Mosca & Sudduth, Miami, for plaintiff.

Darrey A. Davis, County Attorney, and St. Julian P. Rosemond, Ass't. County Attorney, for defendants.

IRVING CYPEN, Circuit Judge.

This is a tort action brought against the defendant county and its county commissioners. The defendants moved to dismiss the amended complaint which alleges that the defendants were negligent in maintaining a county right-of-way. It was agreed that the defendants did not carry insurance covering the alleged tort.

The county's motion raises the question whether or not Dade County has the same sovereign immunity as possessed by the other counties in view of section 8.03 of the Home Rule Charter, the first sentence of which provides —

"The county shall be liable in actions of tort to the same extent that municipalities in the State of Florida are liable in actions in tort."

The defendants contend that the above provision of the charter is invalid as it conflicts with article III, section 22 of the constitution. This section vests in the state legislature the exclusive authority to waive sovereign immunity from suit by the enactment of general laws. The first sentence of section 8.03 of the charter, not being a general law passed by the legislature, is therefore unconstitutional.

The plaintiff contends that the defendants cannot question the validity of their own charter. On the contrary, however, it is well established that public officers have not only the right but the duty to challenge questionable laws involving the expenditure of public funds.

It being the opinion of the court that the defendants' motion is well taken and that the court does not have jurisdiction to entertain this cause or to issue process against Dade County in tort actions unless the state legislature by general act so provides, it is ordered and adjudged that the amended complaint and this cause are dismissed with prejudice at the cost of the plaintiff, and defendants shall go hence without day.